On Motion to Dismiss.
The opinion of the court was delivered by
Spencer, J.
Appellee moves to dismiss this appeal on six grounds.
The first, second, and third grounds may be disposed of in the main by saying that the iiregnlarities complained of are fully covered by the argument of counsel, shown by the record, and the documents filed by appellant on fourth January, 1879. All the papers not excluded by that agreement seem to be in the record, and in that of State ex rel. Elder vs. Judge Third District Court, No. 6846. The transcript was filed in time under said agreements.
It is not necessary that the clerk’s name should appear in the body of his certificate. His signature thereto is sufficient.
He certifies that the transcript contains all documents, records, etc., required by the written agreement of counsel. That was sufficient in a case where, like this, the counsel had made a formal agreement on the subject.
The fourth ground is that the appeal should have been returnable third Monday of May instead of first Monday of November. Appellant moves for the appeal, and the court fixes the return day thereof. If the court erred, appellant can not be prejudiced thereby.
Tne fifth ground is that the bond for a suspensive appeal, from the judgment dissolving the injunction, is defective and insufficient in amount. The judgment is for $100 damages and costs. The court fixed the bond at $250. When the appellant gives bond for the amount fixed fey the court, the appeal can not be dismissed. If it be a money judgment, the law fixes the amount for suspensive appeal. The judgment *502 was one in solido against plaintiff and the surety on his injunction bond. They appealed by joint motion in open court, and gave one bond with a surety who bound himself for $250 “for both and for either” of the principals.
We know no law or reason why two persons condemned in solido in the same judgment should give separate bonds. If the surety be for both of them, and for each of them, and binds himself to pay the amount required, it is sufficient.
The condition of the bond in this case is that prescribed by the Code of Practice.
The sixth ground is that the amount involved is not within the jurisdiction of this court.
Plaintiffs petition alleges in substance that the city of New Orleans caused to be entered up against him, without citation or notice, and without default, a pretended judgment for $175 for taxes ; that iteaused to be issued thereon a pretended writ of fieri facias, which was illegal upon its face, and caused a pretended sale of his property to be made, without having made any seizure thereof, and without having given him any notice ; that he was entitled to redeem said property, and by way of compromise tendered the necessary amount to the purchaser, Mrs. Adams ; that the judgment and the sale are therefore absolute nullities ; that the sheriff, the purchaser, and the city are threatening to dispossess him under said void proceedings. He therefore prays an injunction restraining them, and for judgment against them declaring the nullity of said judgment, and of said sale, and for $301 0 damages for disturbing him, etc. It is alleged and admitted that the property is worth over $500 — in fact, several thousand dollars. Appellee relies on the case of Cushing vs. Sambola & Ducros, 30 An. 426, and the cases there cited, and others to same effect.
But that case does not meet all the issues in this case. We there held that an action to annul a judgment for less than $500, between the parties to such judgment, could not be brought within our jurisdiction by alleging damages to a greater amount as consequence of its execution. There is involved in this suit a demand to annul the sheriff’s sale, for matter subsequent to and independent of the judgment, and for damages to a large amount, resulting from his alleged acts. This state of facts brings the case within the jurisdiction of this court. Whether the plaintiff can inquire into the judgment itself, will be a subject of inquiry when the case comes before us for trial, and we need express no. ojMnion thereon at present.
The motion to dismiss is overruled.